UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: JAMES B. WERNER
       MANDY M. WERNER          Case No.: 08-06606-jrh
                                Chapter 13

                                HON. JEFFREY R. HUGHES

          Debtors.              (X) ORIGINAL   ( ) AMENDED
_____/

**CHAPTER 13 PLAN**

(X) Original or ( ) Amendment No.     (X) Pre-confirmation
                                      ( ) Post-confirmation

**I.   GENERAL PROVISIONS:**

This plan will use the term Debtor: to refer to the person or both persons who filed the Petition in this case. Terms listed after a ( ) are applicable only if this box is checked.

**A.   PLAN PAYMENT**

The Debtors submits all or such portion of Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the Plan. The Debtors, shall pay to the Trustee the sum of $296.49 per week.

Pursuant to the statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income the Applicable Commitment period is:

_____ 3years

__x__ 5 years

**B.   LIQUIDATION TEST**

The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date or the amount that would be paid on such claim if the Petition date or the amount that would be paid on such claim if the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

1

### C. DISPOSABLE INCOME AND TAX RETURNS

(a) If the Plan provided for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay in the Plan all disposable income as defined in 11 USC 1325 (b)(2) for a period of not less than the Applicable Commitment Period or completion of the Plan. Debtor agrees to pay into the Plan all such portions of his income tax refunds and property tax credits received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision.

### D. BALLOON PAYMENT

The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation.

### E. VESTING OF ESTATE PROPERTY

Upon confirmation of the Plan all property of the estate shall vest in the Debtor, except the future earnings of the Debtor and other property specifically devoted to the Plan.

### F. PROHIBITION AGAINST INCURRING POST-PETITION DEBT AND DISPOSAL OF PROPERTY

During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any non-exempt real or personal property of a value greater than $1,000.00 without first obtaining the consent of the Court.

### G. UNSCHEDULED CREDITORS FILING CLAIMS

If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within that class, unless the claim is disallowed.

### H. PLAN REFUNDS

The Trustee may in the exercise of his duties to assist the Debtor in performance under the Plan, grand reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations in which might arise during the Plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted.

**II. TREATMENT OF CLAIMS**

    **A. PRIORITY CREDITORS**

Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC Section 507.

    1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

    2. Counsel for the Debtor has received a retainer of $ 0 prior to the filing of the case. The balance of attorney's fees in the amount of $ 0 plus additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan. After Trustee's fee and prior to ongoing monthly payments to creditors, subsequent Plan payments thereafter until paid in full.

    3. Priority claims that are timely filed shall be paid as follows:

        a) Real estate tax claims shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims.

        b) Other priority claims shall be paid subsequent to the payment of all secured claims.

        c) Unless otherwise specified, claims of the Friend of the Court shall be paid outside of the Plan directly by the Debtor.

        d) Other priority payment provisions:

    **B. SECURED CREDITORS**

    1. **Debtors' principal residence, first mortgage:**

      a) Creditor, HSBC Mortgage Services (Loan #: ending 1907), located at P.O. Box 5249, Carol Stream. IL 60197-5249 shall retain its lien, if a mortgagee; or if a land contract vendor, Debtors assume the contract. The creditor shall be paid its regular monthly payment estimated to be $ 2,343.98, in the following matter:

  (X) 1. Payments directly by the Debtor to the creditor since the Debtor is current on the payments.

  ( ) 2. Payments through the Plan commencing with the first payment due on _____ or subsequent to the first date set for the hearing on Plan Confirmation and ( ) prior to or ( ) pro-rata with, monthly payments to other secured creditors, if any.

  Estimated arrearages are $ N/A. Any claim allowed for an arrearage shall be paid over a reasonable period of time, without interest, at the rate of $N/A per month through pro-rata distributions with the other secured claimants.

  **2. Debtors' principal residence, second mortgage:**

  Creditor, HSBC Mortgage Services (Loan #: ending in 1915), located at P.O. Box 5249, Carol Stream. IL 60197-5249, this lien shall be stripped. There is no equity in the debtor's home to which the HSBC second mortgage could attach. It is therefore an entirely unsecured claim and shall be treated as such. Upon the Debtor's successful completion of the plan, the HSBS second mortgage shall be entirely removed from the debtor's home and HSBC Mortgage Services shall immediately furnish the debtors with a mortgage discharge on the second mortgage in recordable form. This plan strips the HSBC Mortgage Services second mortgage from the Debtor's home.

  This is notice that the Confirmation Hearing shall include a hearing pursuant to F.R.BANKR.P.3012 VALUING YOUR SECURED CLAIM.

  IT IS THE DEBTOR'S INTENT TO PROVIDE FOR EVERY CLAIM UNLESS SPECIFICALLY STATED OTHERWISE. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE DEBTOR IS PURPOSELY CLASSIFYING YOUR CLAIM AS UNSECURED AND IT WILL BE TREATED AS AN UNSECURED CLAIM DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST EITHER TIMELY OBJECT TO CONFIRMAION OF THIS PLAN, OR BE DEEMED TO

HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM AS PROVIDED HEREIN.

3. **Personal Property**

a) Collateral to be retained: Each secured creditor in this class shall retain its lien and shall be paid in full to the allowed value of the underlying collateral. In addition, interest on the secured value shall be paid at the contract rate, unless specified below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess if any secured claim over the value of the collateral shall be paid in the same manner as general unsecured claims.

b) 11 USC Sec 1325 (a)(5): The holder of such claim shall retain the lien securing said claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the land, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, said payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan.

Secured creditors in this class, their collateral, its value and method of payment are as follows:

| CREDITOR | INTEREST COLLATERAL | MINIMUM VALUE | RATE | EQUAL MO PAY |
|---|---|---|---|---|
| GMAC P.O. Box 380902 Bloomington, MN 55438 | 2005 Chevy Suburban | $29,487.50 | 0% | $781.53 |

c) Collateral to be surrendered:

The collateral for the following secured claims shall be surrendered to the creditor in satisfaction

5

of its secured claim and any deficiency claim which is timely filed shall be treated as a general unsecured claim.

| CREDITOR | COLLATERAL | VALUE | ACCOUNT # |
|---|---|---|---|
| Portland Federal Credit Union<br>223 Charlotte Highway<br>Portland, MI 48875-1606 | 2003 31BSS Jayco Jayflight | $11,225.00 | Xx2050 |

C. **EXECUTORY CONTRACTS** (other than land contracts):N/A

2. Pre-petition defaults on assumed executory contracts shall be treated as follows: **N/A**

D. **UNSECURED CREDITORS**

1. General Unsecured Creditors: Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above. The payment to allow general unsecured claimants will be satisfied by:

( ) a) Payment of a dividend of _____ on each claim.

(X) b) Payment of a pro-rata share of a fixed amount of $ 72,330.42 set aside for creditors in this class, whichever is the greater amount.

( ) c) Payment in full plus post-petition interest of _____.

2. Special Unsecured Creditors: Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines. Claims in this class include: N/A

| CREDITOR | REASON FOR SPECIAL TREATMENT | INTEREST RATE TO BE PAID |
|---|---|---|

( ) a) Claims of the above creditors will be paid in full to e disbursed pro-rata with dividends to

6

allowed general unsecured creditors until all unsecured creditors have been paid the base or percentage provided or the Plan has continued for 36 months, whichever provides the greater dividend to unsecured creditors; at which time dividends to special unsecured creditors shall continue until the claim is paid full, including interest if specified above.

      ( ) b) The special unsecured claim of _____ shall be paid as follows:

### III. SPECIAL PROVISIONS

A. Tax Returns: All tax returns in which have become due prior to the filing of this case have been filed, except as follows:

B. Debtor Engaged in Business: N/A

( ) If this box to the left is checked, the Debtor is self-employed and incurs trade credit in the production of income from such self-employment.

1. 11 USC 1304(B) and (C) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.

2. The Debtor shall comply with the provisions of any Definitive Order entered by the Court, including but not limited to the filing with the Trustee of such business operating reports and income tax returns as are required on a monthly basis or otherwise.

### IV. OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:
(N/A)

Dated: __8/11__, 2008      /s/James B. Werner
                                                   Debtor

Dated: __8/11__, 2008      /s/Mandy M. Werner
                                                  Co-Debtor